PER CURIAM.
This matter is before the Court for consideration of a petition for leave to resign from The Florida Bar. Respondent Dennis R. Dingle, a member of The Florida Bar against whom disciplinary proceedings are pending, seeks to resign with leave to apply for readmission upon the expiration of five years. This matter is governed by rule 3-7.11 of the Rules Regulating The Florida Bar.
In The Florida Bar v. Dingle, No. 69,-010, now pending on complaint of The Florida Bar, the Bar charged respondent with unprofessional conduct in the courtroom. In two cases pending before grievance committees, respondent is charged with (1) neglecting a client’s business and (2) involvement in a situation indicating possible failure to avoid a conflict of interest or breach of fiduciary duty. The progress of these proceedings has been stayed pending our consideration of the petition for leave to resign.
The Florida Bar does not oppose the petition for leave to resign. We find that the requirements of rule 3-7.11 are satisfied and therefore grant the petition. Dennis R. Dingle is permitted to resign from The Florida Bar with leave to apply for readmission after the expiration of five years from the date of this order. To allow for an orderly winding up of respondent’s practice, his resignation shall be effective thirty days from the date of this order.
The Bar asks that we tax the costs of the pending proceedings against the respondent. The record reflects that after the finding of probable cause and the filing of the complaint, the only further record activity was the appointment of a referee; there was no trial, no referee’s report; and, in two other pending cases, the respondent waived the grievance committee’s finding of probable cause, obviating the need for grievance committee proceedings. Under
*558 these circumstances, we find that no referee-level administrative costs can be imposed in case No. 69,010, nor may grievance committee administrative costs be imposed in the other two pending cases. The only costs properly taxable against the respondent are the grievance committee costs in case No. 69,010, including the standard administrative costs assessment of $150. Accordingly, we hold that as a condition precedent to the filing of an application for readmission, respondent must pay costs in the amount of $299.46.
It is so ordered.
McDonald, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.